**Original filed 4/3/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND LEIVAS,<br><br>    Petitioner,<br><br>  vs.<br><br>D.L. RUNNELS, Warden,<br><br>    Respondent. | No. C 02-0508 JF (PR)<br><br>ORDER RE-OPENING CASE;<br>ORDER TO SHOW CAUSE<br><br><br><br>(Docket Nos. 18, 19) |

    Petitioner, a state prisoner, filed a pro se habeas petition pursuant to 28 U.S.C. § 2254. The Court initially dismissed the petition with leave to amend as Petitioner had not exhausted all of his claims. Petitioner filed an amended petition including only his exhausted claim. On April 7, 2004, the Court issued an order to show cause to Respondent as to why the amended petition should not be granted. Respondent filed an answer to the amended petition on April 27, 2004. On June 21, 2004, Petitioner filed a motion to stay the amended petition and return to state court to exhaust the remaining claims from his original petition. On January 11, 2005, the Court granted Petitioner's motion to stay the amended petition pending exhaustion of his claims in the state supreme court.

On February 28, 2006, Petitioner filed a second amended petition. Accordingly, the Court will RE-OPEN the instant action and order Respondent to show cause why the second amended petition should not be granted.

## BACKGROUND

Petitioner was convicted in the Sonoma Superior Court of three counts of assault, three counts of false imprisonment, and three counts of intimidation of victims/witnesses (see Cal. Pen Code §§ 245(a)(1), 236, 136.1(c)(1)). On November 10, 1998, Petitioner was sentenced to 168 years-to-life with enhancements for prior convictions.

On direct appeal, the California Court of Appeal affirmed the judgment on June 23, 2000 in an unpublished opinion. The California Supreme Court denied a petition for review on October 18, 2000. Petitioner filed a habeas petition in the Sonoma County Superior Court and in the California Court of Appeal. Both petitions were denied. Petitioner filed a federal habeas petition on January 28, 2002. Petitioner then filed an amended petition, containing only exhausted claims. On January 11, 2005, this Court stayed the petition and granted Petitioner's motion to stay this action while he exhausted his claims in the state supreme court. Petitioner filed a state habeas petition in the state supreme court, which was denied summarily on February 1, 2006. On February 15, 2006, Petitioner filed a letter with the Court requesting an extension of time to file an amended petition. On February 28, 2006, Petitioner filed an amended petition.

## DISCUSSION

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.    Petitioner's Claims

As grounds for federal habeas relief, Petitioner alleges (1) ineffective assistance of counsel; (2) his sentence of 168 years-to-life is cruel and unusual punishment; (3) conflicts between Petitioner and his co-defendant's counsel during the reading of the jury instructions violated his right to counsel under the Sixth Amendment; and (4) his Fifth and Sixth Amendment rights were violated by the use of evidence against him of incriminating telephone statements elicited by an informant for the Petaluma Police without the right of counsel. Liberally construed, Petitioner's allegations are sufficient to require a response. The Court orders Respondent to show cause why the second amended petition should not be granted.

**CONCLUSION**

1. The Clerk shall administratively RE-OPEN this action.

2. Petitioner's request for extension of time to file his second amended petition (docket no. 18) is GRANTED.

3. The Clerk shall serve by mail a copy of this order and the second amended petition (docket no. 19) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the answer.

\\\

5.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the issuance of this order. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

6.   It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/3/06

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Joseph Raymond Leivas
   C-62526
   CSP - Corcoran
4  P.O. Box 3461
   Corcoran, CA  93212-3461

5

6  Morris Beatus
   California Attorney General's Office
7  455 Golden Gate Avenue, Suite 11000
   San Francisco CA  94102-7004

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Re-opening Case; Order to Show Cause
P:\pro-se\sj.jf\hc.02\Leivas508reopen            5