**Original filed 4/3/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH RAYMOND LEIVAS, | ) | No. C 02-0508 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER RE-OPENING CASE; |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| | ) | |
| D.L. RUNNELS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | (Docket Nos. 18, 19) |

Petitioner, a state prisoner, filed a pro se habeas petition pursuant to 28 U.S.C. § 2254. The Court initially dismissed the petition with leave to amend as Petitioner had not exhausted all of his claims. Petitioner filed an amended petition including only his exhausted claim. On April 7, 2004, the Court issued an order to show cause to Respondent as to why the amended petition should not be granted. Respondent filed an answer to the amended petition on April 27, 2004. On June 21, 2004, Petitioner filed a motion to stay the amended petition and return to state court to exhaust the remaining claims from his original petition. On January 11, 2005, the Court granted Petitioner's motion to stay the amended petition pending exhaustion of his claims in the state supreme court.

1  On February 28, 2006, Petitioner filed a second amended petition.  Accordingly, the
2  Court will RE-OPEN the instant action and order Respondent to show cause why the
3  second amended petition should not be granted.

**BACKGROUND**

4

5  Petitioner was convicted in the Sonoma Superior Court of three counts of assault,
6  three counts of false imprisonment, and three counts of intimidation of victims/witnesses
7  (see Cal. Pen Code §§ 245(a)(1), 236, 136.1(c)(1)).  On November 10, 1998, Petitioner
8  was sentenced to 168 years-to-life with enhancements for prior convictions.

9  On direct appeal, the California Court of Appeal affirmed the judgment on June
10  23, 2000 in an unpublished opinion.  The California Supreme Court denied a petition for
11  review on October 18, 2000.  Petitioner filed a habeas petition in the Sonoma County
12  Superior Court and in the California Court of Appeal.  Both petitions were denied.
13  Petitioner filed a federal habeas petition on January 28, 2002.  Petitioner then filed an
14  amended petition, containing only exhausted claims.  On January 11, 2005, this Court
15  stayed the petition and granted Petitioner's motion to stay this action while he exhausted
16  his claims in the state supreme court.  Petitioner filed a state habeas petition in the state
17  supreme court, which was denied summarily on February 1, 2006.  On February 15, 2006,
18  Petitioner filed a letter with the Court requesting an extension of time to file an amended
19  petition.  On February 28, 2006, Petitioner filed an amended petition.

**DISCUSSION**

20

21  A.    Standard of Review

22  This Court may entertain a petition for writ of habeas corpus "in behalf of a person
23  in custody pursuant to the judgment of a State court only on the ground that he is in
24  custody in violation of the Constitution or laws or treaties of the United States."  28
25  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

26  A district court shall "award the writ or issue an order directing the respondent to
27  show cause why the writ should not be granted, unless it appears from the application that
28  the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

1   B.   Petitioner's Claims

2       As grounds for federal habeas relief, Petitioner alleges (1) ineffective assistance of

3   counsel; (2) his sentence of 168 years-to-life is cruel and unusual punishment; (3)

4   conflicts between Petitioner and his co-defendant's counsel during the reading of the jury

5   instructions violated his right to counsel under the Sixth Amendment; and (4) his Fifth

6   and Sixth Amendment rights were violated by the use of evidence against him of

7   incriminating telephone statements elicited by an informant for the Petaluma Police

8   without the right of counsel.  Liberally construed, Petitioner's allegations are sufficient to

9   require a response.  The Court orders Respondent to show cause why the second amended

10  petition should not be granted.

11                              **CONCLUSION**

12      1.      The Clerk shall administratively RE-OPEN this action.

13      2.      Petitioner's request for extension of time to file his second amended

14  petition (docket no. 18) is GRANTED.

15      3.      The Clerk shall serve by mail a copy of this order and the second amended

16  petition (docket no. 19) and all attachments thereto upon the respondent and the

17  respondent's attorney, the Attorney General of the State of California.  The Clerk shall

18  also serve a copy of this order on the Petitioner.

19      4.      Respondent shall file with the Court and serve on Petitioner, within **sixty**

20  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the

21  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

22  not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of

23  all portions of the state trial record that have been transcribed previously and that are

24  relevant to a determination of the issues presented by the petition.

25      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

26  with the Court and serving it on Respondent within **thirty days** of his receipt of the

27  answer.

28  \\\

1     5.     Respondent may file a motion to dismiss on procedural grounds in lieu of

2   an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

3   Governing Section 2254 Cases within **sixty days** of the issuance of this order.  If

4   Respondent files such a motion, Petitioner shall file with the Court and serve on

5   Respondent an opposition or statement of non-opposition within **thirty days** of receipt of

6   the motion, and Respondent shall file with the Court and serve on Petitioner a reply

7   within **fifteen days** of receipt of any opposition.

8     6.     It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded

9   that all communications with the Court must be served on respondent by mailing a true

10  copy of the document to Respondent's counsel.  Petitioner must keep the court and all

11  parties informed of any change of address by filing a separate paper captioned "Notice of

12  Change of Address."  He must comply with the Court's orders in a timely fashion.

13  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

14  to Federal Rule of Civil Procedure 41(b).

15     IT IS SO ORDERED.

16  DATED:_____  4/3/06

17                           JEREMY FOGEL
                             United States District Judge

18

19

20

21

22

23

24

25

26

27

28

1   A copy of this ruling was mailed to the following:

2

3   Joseph Raymond Leivas
    C-62526
    CSP - Corcoran
4   P.O. Box 3461
    Corcoran, CA  93212-3461

5

6   Morris Beatus
    California Attorney General's Office
7   455 Golden Gate Avenue, Suite 11000
    San Francisco CA  94102-7004

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28